IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| STEPHANIE McFALLS | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 4:21-cv-01210-LPR-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Stephanie McFalls, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.  The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform jobs that exist in significant numbers in the national economy despite her impairments.  (Tr. 51-61.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only thirty-two years old. (Tr. 73.) She testified she went as far as the eighth grade in school, earned a GED, and attended some college. (Tr. 75.) She has no past relevant work. (Tr. 59.)

The ALJ[1] found Ms. McFalls had not engaged in substantial gainful activity since July 7,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

2019, the alleged onset date. (Tr. 53.) She has "severe" impairments in the form of "depression, anxiety, bipolar disorder, post-traumatic stress disorder, and substance abuse disorder." (Tr. 54.) The ALJ further found Ms. McFalls did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 54-55.)

The ALJ determined Ms. McFalls had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but, "she is limited to simple, routine, and repetitive work, but not at a production-rate pace, for example, no assembly linework. She is further limited to simple work-related decisions and only occasional interaction with supervisors, co-workers, and the public." (Tr. 55.) Since the ALJ determined Ms. McFalls had no past relevant work, he utilized the services of a vocational expert to determine what jobs, if any, Plaintiff could perform given her RFC. (Tr. 95-98.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform the jobs of laundry worker, kitchen helper, and price marker. (Tr. 60.) Accordingly, the ALJ determined Ms. McFalls was not disabled. (*Id*.)

The Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 41-43.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff makes a number of arguments in support of her Complaint. But her most substantial arguments all relate to her claim that that the ALJ failed to properly consider the medical evidence as it relates to her RFC. (Doc. No. 10 at 6-25, 34-43, 47-51.) Ms. McFalls clearly experiences some level of limitation from her mental impairments. But given this limited

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

review under the law and my careful assessment of the ALJ's opinion, I find his opinion is supported by substantial evidence.

For good reason, Plaintiff believes the ALJ improperly rejected all of her medical evidence. And at first blush it seems questionable that the ALJ even rejected the consultative examination that the Social Security Administration arranged with Geraldene E. Moore, Ph.D. (Tr. 499-502.) With regard to her evaluation, the ALJ stated:

> Dr. Moore's opinion is not persuasive. First, her conclusions largely appear to be simply restatements of the claimant's allegations. Furthermore, her conclusions are inconsistent with the actual examination results in the CE (2F/3-4) and the normal mental status examinations outlined above, which support the conclusion claimant has stabilized and improved with treatment, as well claimant's daily activities.

(Tr. 58.)

A close review of Dr. Moore's report reveals that, in fact, she did appear to base her conclusions largely on Plaintiff's subjective complaints. I disagree with the ALJ's assertion that her conclusions are inconsistent with the actual examination, because Dr. Moore reported Plaintiff's affect was depressed and her speech was slow in rate and rhythm. (Tr. 500.) Dr. Moore also concluded that Ms. McFalls was not functioning within or near the intellectual disability range. (Tr. 501.) And, as the ALJ concluded, her report reveals that much of what Dr. Moore stated was based on what Ms. McFalls reported. Accordingly, I find the ALJ could rightly discount her opinions.

Likewise, the ALJ could discount the checklist opinions of her other doctors. As will be discussed *infra*, these opinions are simply unpersuasive.

While the ALJ didn't assign a weight to the opinions of Richard A. Owings, M.D., he did appear to rely on his treatment notes. (Tr. 57.) Dr. Owings was Plaintiff's treating doctor and clearly believed she was capable of working. He reported, "I talked to [Ms. McFalls] about getting

4

a job because I think getting some independence will enable her to free herself from her pathological entanglements. She agrees, but she has no job skills." (Tr. 515.)

Dr. Owings' notes also show that Plaintiff responded well to her medication, that she declined additional therapy he recommended[3], and that there was no physical or mental reason precluding Ms. McFalls from engaging in substantial gainful activity. (Tr. 515-526.) Additionally, as the Commissioner points out, these treatment records show nothing disabling upon examination. (Tr. 512, 516, 519, 522, 525.) These medical records provide substantial evidence in support of the ALJ's decision.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Plaintiff's treatment records fail to support an allegation of complete disability.

While Plaintiff disagrees, the ALJ also properly considered the other medical opinions. Claims filed after March 27, 2017, like Ms. McFalls', are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. §

---

[3] I recognize Plaintiff claimed she declined the recommended therapy because she could not afford it, she also did not attempt to find any no-cost or low-cost treatment options. Additionally, the record reveals Ms. McFalls had insurance, (Tr. 539), so it is inconsistent that she claimed the inability to obtain this treatment because of financial concerns. Lastly, I note that while stating she was unable to afford this recommended treatment, she engaged in the very expensive habit of smoking cigarettes. (Tr. 526.)

404.1520c(a).  The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion.  20 C.F.R. § 404.1520c(a), (c).  The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that ALJ properly evaluated the opinions of Plaintiff's treating professionals.  While not necessarily using these words, the ALJ addressed both supportability and consistency factors. Further, the checkbox forms consisted of unsupported statements rather than findings tied to clinical or diagnostic data, as they did not reference their own treatment notes or other medical evaluations.  *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses").

The ALJ also explained how these opinions were inconsistent with other medical evidence in the treatment record.  Accordingly, the ALJ properly discounted these opinions considering other competing evidence, like Dr. Owings, in the record. [4]

---

[4] 20 C.F.R. § 404.1527(c)(2), the regulation prior to the 2017 amendment, merited the treating physician controlling weight where it "is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2); *Anderson*

In summary, there is ample evidence to support the Commissioner's decision. I recognize there is also evidence to support Ms. McFalls' claims. Yet the overall evidence supports the ALJ's conclusion that she was capable of performing the jobs identified by the vocational expert.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including the standard of proof, Listings 12.04 and 12.06, the burden shifting, etc. - which I find are without merit. Counsel has zealously advocated for Ms. McFalls here. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

---

*v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). Even so, under the former regulation, the United States Court of Appeals for the Eighth Circuit has reiterated:
> [The] ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). "Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

7

the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 22nd day of June 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE